UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE DIAZ ESCANDON,

      Petitioner,

Case No. 2:26-cv-646-KCD-NPM

  v.

FLORIDA SOFT SIDE SOUTH,

      Respondent.

_____/

## **ORDER**

Petitioner Jorge Diaz Escandon has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment. (*Id.* at 7.) Respondents oppose the petition. (Doc. 10.) For the reasons below, the petition is **DENIED**.

## **I. Background**

Escandon is a Cuban citizen who was paroled into the United States in 1995. (Doc. 10-1 at 1.) Following several criminal convictions, his parole was revoked and he was ordered removed from the United States. His removal did not come to fruition and Escandon continued to live in this country for many years on supervised release. But this past November, ICE revoked his

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

release and placed him in immigration custody. (*Id.* at 5.) This petition for writ of habeas corpus followed. (Doc. 1.) As best the Court can tell, Escandon argues that his continued imprisonment violates the Fifth Amendment. (*Id.* at 6.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the authority to detain does not stretch into infinity. To avoid running afoul of the Fifth Amendment, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 679. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Escandon cannot satisfy the initial temporal requirement. ICE took him into custody on November 12, 2025. Because he has been detained for just shy of five months, he remains squarely within the window in which his detention is presumptively reasonable. *See Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because

3

"Petitioner has not been detained for more than six months"); *see also Jiang v. Mukasey*, No. 2:08-cv-773-FtM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-cv-698-FtM-29SPC, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011).

To bridge the gap, Escandon seemingly argues that the 15 years he spent living in the community under an order of supervision should count toward the six-month clock. (Doc. 1 at 7.) This makes little sense. *Zadvydas* was aimed at the severe, physical deprivation of liberty that comes from sitting in a jail cell indefinitely. The Court "used the words 'detain' and 'custody' to refer exclusively to physical confinement and restraint." *Jennings v. Rodriguez*, 583 U.S. 281, 311 (2018). Against that backdrop, it is illogical to run a clock designed to prevent indefinite imprisonment while a person is out living freely in the community. "Because *Zadvydas* clearly involved *detention* of a petitioner during the presumptively reasonable period, it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011). The six-month clock measures actual lockup, not supervised freedom. *See Akinwale*, 287 F.3d at 1052 ("[I]n order to state a claim under *Zadvydas* the alien ... must show post-removal order *detention* in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

(emphasis added).); *see also Ghamelian v. Baker*, No. CV SAG-25-02106, 2025 WL 2049981, at *4 (D. Md. July 22, 2025).

Because Escandon has not been physically detained for six months, his Fifth Amendment claim fails. *See Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-CV-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026).

Escandon's petition also gestures at two other grievances: the possibility of being deported to a "threed world country," and unspecified health problems he is experiencing while in custody. (Doc. 1 at 6.) But here is the problem: a habeas petition is not a catch-all for any and every complaint a person might have about his circumstances. To get habeas relief, a petitioner has to show that the very fact or duration of his confinement violates the law. Escandon does not even attempt to do that here. He offers no legal argument, and no factual substance, to explain how a potential removal destination or his current medical condition renders his present immigration detention unlawful. Without that essential connection, those passing references cannot justify habeas relief.

## IV. Conclusion

Escandon's legal challenge to the length of his detention is premature, and therefore, his habeas petition must be **DISMISSED**. However, this dismissal is without prejudice to Escandon refiling a new petition should his

current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

ORDERED in Fort Myers, Florida on March 30, 2026.

Kyle C. Dudek
United States District Judge